**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(*Ocala Division*)**

CASE NO. 5:18-cv-00324-PGB-PRL

| | |
|---|---|
| MARY BETH HEINERT and RICHARD H. SCHULTZ, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., PERRY SANTILLO, CHRISTOPHER PARRIS, PAUL ANTHONY LAROCCO, JOHN PICCARRETO, and THOMAS BRENNER,<br><br>Defendants. | **CLASS ACTION** |

**DEFENDANT BANK OF AMERICA, N.A.'S**
**MOTION FOR LIMITED STAY OF DISCOVERY**
**PENDING DETERMINATION OF DEFENDANT'S MOTION TO DISMISS**

Defendant Bank of America, N.A. ("Bank of America") respectfully files this Motion for a Limited Stay of Discovery Pending Determination of Bank of America's Motion to Dismiss and states as follows:

**INTRODUCTION**

Hours after completion of the Rule 26 Case Management Conference, and on the same day that Bank of America filed a Motion to Dismiss raising serious questions about the viability of Plaintiffs' Complaint, Plaintiffs served extremely broad discovery requests on Bank of America. Complying with these discovery requests would be incredibly burdensome. Moreover, Plaintiffs'

1

need for the requested discovery would largely be eliminated, or at least significantly reduced, should Bank of America prevail on its Motion to Dismiss.

At the same time, most of Bank of America's co-defendants have defaulted in this case despite agreeing to expedited discovery in a related SEC federal case against them (but not against Bank of America) based on similar allegations that is currently pending in New York. This suggests that not only will discovery be unnecessary for Plaintiffs to obtain a judgment against Bank of America's co-defendants here, but also that absent a stay, the Bank will be required to shoulder nearly all party discovery going forward, despite the fact that potentially duplicative information will be obtained in a much more efficient manner in the SEC's New York case. Under these unique circumstances, Bank of America respectfully requests that this Court exercise its discretion to grant a limited stay of discovery until the Court resolves the Motion to Dismiss.

## FACTUAL BACKGROUND

1.  On June 18, 2018, the U.S. Securities and Exchange Commission ("SEC") filed a civil action in U.S. District Court for the Southern District of New York, alleging that Perry Santillo, Christopher Parris, Paul Anthony Larocco, John Piccarreto, and Thomas Brenner (collectively, the "Individual Defendants") defrauded investors through a Ponzi scheme. *See SEC v. Santillo*, Case No. 1:18-cv-05491-JGK, Dkt. 1 (S.D.N.Y. June 19, 2018) (the "SEC Action").[1] Bank of America is not a party to the SEC Action. *Id.*

---

[1] Bank of America respectfully requests that the Court take judicial notice of the filings in the SEC Action. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (recognizing that a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings).

2

2.	Santillo, Piccarreto, and LaRocco have all made appearances in the SEC Action. *See Santillo* Dkts. 8, 34, 45. The Individual Defendants (with the exception of Parris) each agreed to provide responses and objections to the SEC's discovery requests by July 20, 2018, and to be deposed "as soon as reasonably practicable" thereafter. *See Santillo* Dkt. 15 at 6; Dkt. 16 at 5; Dkt. 18 at 5; Dkt. 19 at 5.

3.	On June 23, 2018, Plaintiffs Mary Beth Heinert and Richard H. Schultz, Jr., filed this copycat action making largely the same claims against the Individual Defendants and adding claims against Bank of America for allegedly conspiring with the Individual Defendants and aiding and abetting their fraud and breach of fiduciary duty. (*See* ECF 1.)

4.	The clerk has entered defaults against three Individual Defendants in this action: Thomas Brenner, Perry Santillo, and John Picaretto. (*See* ECF 26, 27, 35.) Neither Christopher Parris nor Paul Anthony Larocco has appeared, despite the fact that at least one of them has been served. (*See* ECF 22.)

5.	On July 31, 2018, Bank of America filed its Motion to Dismiss on the grounds that Plaintiffs failed to adequately allege that Bank of America knew about or substantially assisted the Individual Defendants' alleged fraud or breach of fiduciary duty, and that Plaintiffs did not adequately plead the elements of conspiracy. (*See* ECF 33 at 6–17.)

6.	Also on July 31, 2018, Bank of America and Plaintiffs conducted their Case Management Conference as required by Federal Rule of Civil Procedure 26(f). (*See* Declaration of Pamela A. Miller in Support of Bank of America's Motion for a Limited Stay of Discovery ¶ 2 ("Miller Decl.").)

7. At the Case Management Conference, Bank of America agreed to Plaintiffs' request to extend their deadline to file a motion for class certification under Local Rule 4.04. (*See* Miller Decl. ¶ 3.) Plaintiffs and Bank of America have agreed to a June 25, 2019 deadline in their Case Management Report, which they anticipate filing today. (*See id.*).

8. Bank of America advised Plaintiffs that it would be filing a substantial motion to dismiss later that day, and requested that Plaintiffs agree to a temporary stay of discovery until the Court adjudicated the motion to dismiss. Defendants did not agree to a stay, but promised that any discovery requests would be "reasonable." (*See* Miller Decl. ¶ 4.)

9. Instead, several hours later, Plaintiffs served 5 interrogatories and 50 requests for production (including subparts). (*See* Miller Decl. Ex. 1 ("ROG"); *id.* Ex. 2 ("RFP").)

10. The interrogatories require Bank of America to identify not only accounts belonging to any of the Individual Defendants, but also accounts related to approximately 35 named business entities, several unnamed business entities, and any accounts "related" to any of those business entities. (*See* ROG Nos. 7–8, ROG No. 2.) These "include but are not limited to" 100 accounts at issue in the SEC Action. (*Compare* ROG Ex. A *with Santillo* Dkt. 6 Sched. A (including same accounts).) The interrogatories also require Bank of America to identify all individuals who may have knowledge about "matters concerning" those accounts as well as the matters alleged in the Complaint. (ROG No. 3.)

11. The requests for production go beyond even the interrogatories, requesting documents dating back to 2011 in the following categories:

    a. **Detailed information about the Individual Defendants' businesses:** These requests seek the offering materials and business plans of the Individual

4

    Defendants' companies, account opening documents, and documents showing "**_all_** account activity," for the accounts Bank of America identified in its interrogatories. (RFPs Nos. 3, 4, 13) (emphasis added).

b. **Bank of America's monitoring of the Individual Defendants:** These requests seek fraud detection or anti-money laundering alerts and formal investigations or other monitoring or review by Bank of America or governmental entities of any Individual Defendant or their related companies (RFP Nos. 1, 7–10, 20–21); "**_all_** emails from any email account" that mention the Individual Defendants and their related companies (RFP No. 13(a)-(f)) (emphasis added); meetings or other communications relating to the Individual Defendants and their related companies (RFP Nos. 14–17); and "employee records" of **_any_** Bank of America employee with **_any_** "involvement" in an account or any "business relationship" with any Individual Defendant (RFP No. 12).

c. **Bank of America's suspicious account activity policies and procedures:** These requests seek documents identifying numerous Bank of America policies relating both to the relevant accounts (RFP No. 5), as well as to all aspects of suspicious account monitoring and any related government investigations (RFP Nos. 2, 6).

d. **Bank of America's general business records:** These requests seek information regarding Bank of America's revenue from the Individual Defendants or their businesses (RFP Nos. 18–19); organizational charts (RFP No. 25); and indemnification, joint defense, and insurance that may be implicated by this lawsuit (RFP Nos. 22–24).

      e. **Information relating to Class Plaintiffs:** These requests seek communications between Bank of America and the class members (RFP No. 11), but also **_all_** emails that include any of class members (RFP No. 13(g)).

12. Responses and objections to Plaintiffs' discovery demands are due on August 30, 2018. *See* Fed. R. Civ. P. 34(b)(2)(A).

13. On August 8, 2018, Plaintiffs filed an unopposed motion seeking to adjourn Plaintiffs' deadline to file a response to Bank of America's Motion to Dismiss or an amended pleading until September 20, 2018. (*See* ECF 37.) As the motion suggests, it is possible—if not likely—that Plaintiffs will file an Amended Complaint that may alter the scope of discovery against Bank of America. (*See id.*).

14. On August 9, 2018, Plaintiffs served document subpoenas on four third parties, including on two other banks. (*See* Miller Decl. ¶ 12; *id.* Ex. 3). The document requests included in the subpoenas were verbatim subsets of the RFPs made on Bank of America. (*Id.*).

## ARGUMENT AND MEMORANDUM OF LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This Court has recognized that it "has broad discretion to stay discovery until preliminary questions that may dispose of the case are determined." *Grant v. Ocwen Loan Servicing, LLC*, 2016 WL 8997474, at *1 (M.D. Fla. May 10, 2016) (internal quotations and citations omitted); *see Horlsey v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not abuse discretion in staying discovery while dispositive motion pending). "If the district court dismisses a nonmeritorious claim before

discovery has begun, unnecessary costs to the litigants and to the court system can be avoided," and so "challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–1368 (11th Cir. 1997); *accord Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."). In determining whether a stay is warranted, the Court takes a "preliminary peek" at the pending motion to determine whether it is meritorious and case-dispositive. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (granting stay pending resolution of motion to dismiss). The Court then balances the potential harm resulting from a delay in discovery against the possibility that the dispositive motion will be granted, "weighing the likely costs and burdens of proceeding with discovery." *Id.* (internal quotation marks and citations omitted).

I. **Bank of America Has Filed a Meritorious Motion to Dismiss That May Resolve This Case**

Bank of America's Motion to Dismiss raises serious questions about the facial validity of Plaintiffs' Complaint. *See Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. Appx. 341, 346 (11th Cir. 2009) (trial court did not abuse discretion staying discovery when "Defendants raised several arguments . . . which, on their face, raised serious questions regarding the viability of [Plaintiff's] complaint"). Plaintiffs' Complaint fails to adequately allege that Bank of America possessed the actual knowledge of the Individual Defendants' alleged misconduct required to sustain Plaintiffs' claims, and instead relies entirely on conclusory allegations and purported "red flags" to suggest that Bank of America *should have* known about the underlying fraud. (*See* ECF 33 at 7–10.) Plaintiffs also fail to allege that Bank of America affirmatively substantially assisted the Individual

7

Defendants in their alleged misconduct, instead seeking to impose on Bank of America an affirmative duty to investigate and act, which Florida courts have routinely rejected. (*Id.* at 11–13.)  Numerous courts in this district and the Eleventh Circuit have dismissed similar complaints at the pleading stage. (*Id.* at 9–14.)  Moreover, Plaintiffs do not allege several of the elements of their conspiracy claims against Bank of America, including failing to allege that Bank of America had any agreement with the Individual Defendants. (*Id.* at 14–17.)  These are precisely the types of "serious questions" regarding the validity of the Complaint that the Eleventh Circuit has held can justify a stay of discovery.  *See Redford*, 350 F. Appx. at 346; *see also Grant*, 2016 WL 8997474, at *1 (granting motion to stay pending adjudication of motion to dismiss when "no binding precedent controls the issues" in the motion to dismiss); *Zamber v. Am. Airlines*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017) (granting motion to stay discovery when a pending motion to dismiss "generate[d] a concern that the claims may be legally insufficient," but "could . . . conceivably go either way" (internal quotations and citations omitted)).

If granted, Bank of America's Motion to Dismiss would completely remove it from the case. (*See* ECF 33 at 2.)  While there are additional defendants, none has appeared to date and the Court has found three in default. (*See supra* p. 4; ECF 19–22, 26, 27, 35.)  As such, resolution of the pending motion will likely resolve the entire action, which mandates in favor of the requested stay.  *See Neal v. Atlas Acquisitions, LLC*, 2015 WL 12841062, at *2 (M.D. Fla. Feb. 24, 2015) (good cause to stay pending resolution of motion to dismiss when motion, if granted, would dispose of case).

## II. A Temporary Stay Will Not Prejudice Plaintiffs

Equally important to the Court's consideration, Plaintiffs are not prejudiced by the requested stay. First, any stay will be brief. Had Plaintiffs filed a response according to the time mandated under the Local Rules, the Motion to Dismiss would have been submitted to this Court today and likely decided 60 days later. *See* Local Rule 3.01(b)-(c) (providing 14 days to respond to motion to dismiss and no reply); *id.* 3.05(c)(2)(A) (motions to dismiss "will normally be decided within 60 days" after submission). Plaintiffs have extended that schedule by requesting an additional five weeks to file an opposition, and while Bank of America was happy to extend that professional courtesy, the delay in resolution of the motion to dismiss is attributable to Plaintiffs' extension.

Second, it is not clear that Plaintiffs will need any discovery at all should Bank of America be dismissed from the case. Three Individual Defendants have already defaulted, meaning that they have admitted the facts alleged in the Complaint as against them. (*See* ECF 26, 27, 35); *see FLCM ACQ VIII, LLC v. Taos Ventures, LLC*, 2014 WL 7009872, at *2 (M.D. Fla. Dec. 11, 2014) (Lammens, M.J.) (holding that a defendant's "default is . . . an admission of the facts cited in the Complaint"). A fourth Individual Defendant has already missed his deadline to respond to Plaintiffs' Complaint. (*See* ECF 22.) For any defendant who has defaulted, all that is left is for Plaintiffs to prove their damages—proof that is well within Plaintiffs' knowledge without any need for discovery from Bank of America or anyone else. *See FLCM ACQ VIII*, 2014 WL 7009872, at *3 (requiring plaintiff to provide documentation of damages against defaulting defendants).

Plaintiffs may argue that they need discovery from Bank of America with respect to their class claims against the Individual Defendants. (*See* RFP Nos. 11, 13(g).) But a temporary stay

of discovery even with respect to putative class members cannot burden Plaintiffs because Bank of America has already agreed to Plaintiffs' requested extension of the deadline to move for class certification. *See Tillman v. Ally Financial, Inc.*, 2016 WL 9488774, at *3 (M.D. Fla. Oct. 18, 2016) (staying discovery when court also extended deadline to move for class certification extended caused "little harm" to Plaintiffs). Indeed, under the proposed schedule Plaintiff's motion is not due until May 24, 2019. (*See* Miller Decl. ¶ 3.) Moreover, Plaintiffs' requests related to class discovery are particularly burdensome. Plaintiffs seek Bank of America's communications with all putative class members. *See supra* p. 6. But Plaintiffs do not allege that any putative class members are Bank of America customers. *See id.* Information providing the identity of such customers would be uniquely within the control of the Individual Defendants and it would be exceedingly difficult—if not impossible—for Bank of America to review its account documents to identify the Individual Defendants' customers, as opposed to vendors or other counterparties. Expending such resources at such an early stage is particularly burdensome and inappropriate when Plaintiffs assert a nationwide putative class of over 600 people (*see* ECF 1 at ¶128), and when the class allegations are of such dubious merit. *See, e.g.*, *In re LIBOR-based Financial Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 576–79 (S.D.N.Y. 2018) (denying certification of nationwide class for common law fraud claims based on differences in state law). In such circumstances, a limited stay is eminently reasonable. *See Tillman*, 2016 WL 9488774, at *3 (granting motion to stay discovery despite plaintiffs' purported need for discovery to "determine who constitutes the members of the putative class" when Defendants argued that the associated expense was large).

### III. The Requested Discovery is Burdensome

Notwithstanding Plaintiffs' reassurance that their discovery requests would be "reasonable," they are anything but, and the costs and burdens of proceeding with discovery at this preliminary stage are significant. As discussed, the requests seek information on at least 100 accounts and require Bank of America to expend resources in identifying additional "related" accounts. (*See* Miller Decl. ¶ 7.) Based on an initial investigation, it would take significant employee time simply to identify the "relevant" accounts. (*See id.*) After doing so, Bank of America would possibly need to spend hundreds or even thousands of hours collecting responsive documents related to these accounts as sought in Plaintiffs' Requests for Production. (*See id.* ¶¶ 8–9.) Bank of America would then need to engage a third-party processor to host the documents, provide a platform on which to review them, and prepare them for production. (*See id.* ¶ 10). It would then need to pay for attorneys to review the documents for responsiveness and redact them to protect against the release of personally-identifiable information, as required under both federal and Florida law. (*See id.*); *see also* 15 U.S.C. § 6803; Fla. Stat. § 501.171. Plaintiffs' requests for information related to fraud investigations and suspicious account monitoring would take additional time to collect, and to the extent any are identified they will need to be closely reviewed by outside counsel given the federal proscriptions on releasing Suspicious Activity Reports and related information, or even disclosing whether any Reports exist. (*See* Miller Decl. ¶ 11); *see also* 31 U.S.C. § 5318(g)(2); 31 CFR § 103.18(e)(1). Other requests are facially burdensome, such as the request that Bank of America collect and search ***every*** email from its more than two hundred thousand employees (and every other email account in its "possession or control") for ***any*** communications with Individual Defendants irrespective of any relation to the allegations in the

11

Complaint (RFP No. 13). These requests are clearly a fishing expedition, designed to help Plaintiffs' find some suggestion of actual knowledge or conspiracy—facts that are conspicuously absent from the current Complaint. *See Shannon v. Albertelli Firm, P.C.*, 610 F. Appx. 866, 871 (11th Cir. 2011) (barring fishing expedition for facts missing from Complaint).

It is particularly burdensome to begin this discovery now, given the suggestion that Plaintiffs might wish to amend their Complaint. (*See* ECF 37.) An Amended Complaint will likely contain new factual allegations that will lead to the necessity of additional discovery. At a minimum, Bank of America should be apprised of the scope of claims against it before it undertakes such extensive discovery.

Moreover, because no Individual Defendant has appeared in this case, the entire burden of Plaintiffs' party discovery will fall on Bank of America. This is readily apparent in Plaintiffs' broad requests: those not solely related to the claims against Bank of America appear to seek from Bank of America information that Plaintiffs cannot obtain from the Individual Defendants. For instance, Plaintiffs request that Bank of America identify any company "related" to the Individual Defendants' companies (ROG No. 2) and provide "*__all__*" of those companies' "Private Placement Memoranda, business plans, and other offering materials" (RFP No. 15) (emphasis added). Plaintiffs have served several of these same requests on third parties. (Miller Decl. ¶ 12; *id.* Ex. 3.) Allowing Plaintiffs to seek expansive discovery from Bank of America and third parties that would be directly available from Individual Defendants imposes considerable costs on the court system and litigants, especially when the Individual Defendants likely have already produced much of the relevant information through expedited discovery in the SEC Action. *See supra* pp.

2–3; *see also Chudasama*, 123 F.3d at 1368 (cautioning against allowing unmeritorious claim to impose unnecessary discovery costs on litigants and the court system).

Consistent with Eleventh Circuit precedent, Bank of America's obligation to comply with Plaintiff's broad and burdensome discovery requests should be temporarily stayed while this Court considers Bank of America's substantive motion to dismiss. *See Moore v. Potter*, 141 F. App'x at 808 ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

WHEREFORE, on the basis of the foregoing, Bank of America, N.A. respectfully requests that this Court enter an order staying discovery in this matter until such time as the Court has ruled on the pending Motion to Dismiss, and enter such other and further relief in favor of Bank of America, N.A. deemed just and proper under the circumstances.

## **RULE 3.01(G) CERTIFICATION**

In compliance with Local Rule 3.01(g), Counsel have conferred regarding this motion and Plaintiffs have indicated that they oppose the relief sought herein.

Respectfully submitted,

Dated: <u>August 14, 2018</u>
Ocala, Florida

By:   /s/ Pamela A. Miller

LIEBLER, GONZALEZ & PORTUONDO
Mary J. Walter
Florida Bar No: 45162
mjw@lgplaw.com
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130

Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Bank of America, N.A.*

O'MELVENY & MYERS LLP
Pamela A. Miller (admitted *pro hac vice*)
pmiller@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Bank of America, N.A.*