**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**MARY BETH HEINERT and RICHARD H SCHULTZ, JR., on behalf of themselves and all others similarly situated**

    Plaintiffs,

v.                                      Case No: 5:18-cv-324-Oc-PGBPRL

**BANK OF AMERICA, N.A., PERRY SANTILLO, CHRISTOPHER PARRIS, PAUL ANTHONY LAROCCO, JOHN PICCARRETO and THOMAS BRENNER**

    Defendants.

## ORDER

This case is before the Court on several pending matters. First, pursuant to the referral of the District Judge (Doc. 42), Defendant Bank of America's motion to dismiss (Doc. 33) will be taken under advisement for the issuance of a Report and Recommendation when (or if) it becomes ripe following Plaintiffs' deadline of September 20, 2018 within which to file either a reply or an amended complaint.

Next, Defendant Bank of America requests a limited stay of discovery pending determination of its motion to dismiss. (Doc. 40). As a general matter, motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P. The Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. *See* Fed. R. Civ. P. 26(c); *see, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Moore v. Potter*, 141 Fed. App'x 803, 807-08 (11th Cir.

2005) (relying on *Chudasama*); *McCabe v. Foley*, 23 F.R.D. 683; 685 (M.D. Fla. 2006). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Indeed, the Eleventh Circuit has recognized that "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama*, 123 F.3d at 1368.

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending because "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To do so, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Glynn v. Basil Street Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (citing *Feldman*, 176 F.R.D. at 653-53). Of course, "this involves weighing the likely costs and burdens of proceeding with discovery." *Glynn*, 2010 WL 2508605, at *1 (citing *McCabe*, 233 F.R.D. at 685).

Here, without prejudging the merits of the motion to dismiss, the Court acknowledges that it raises issues about the sufficiency of each of Plaintiffs' claims against Defendant Bank of America. If granted, the motion to dismiss would dispose of all claims against Defendant Bank of

America. A complaint does require more than vague or conclusory allegations as to a defendant, and in the case of fraud, a heightened pleading standard controls. A review the motion to dismiss and a peek at the complaint reveals that Defendant's position as to the deficiencies of the complaint may have merit. Under the circumstances, the interests of justice and efficiency weigh in favor of a limited stay of discovery. Defendant Bank of America's motion for limited stay of discovery (Doc. 40) is **granted** to the extent that all discovery in this case shall be stayed until **October 31, 2018**. Further, the parties' obligation to file a revised case management report as directed by the Court's Order of August 15, 2018 (Doc. 41) is also stayed until **October 31, 2018**, or pending further directions by the Court.

The request for a preliminary pretrial conference (Doc. 43) is **denied** as moot based on the limited stay imposed here.[1]

**DONE** and **ORDERED** in Ocala, Florida on August 28, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] While the case management report will be due at a later date (if necessary), the Court notes that the plain reading of the Court's Order striking the case management report (Doc. 41) requires deadlines related to class certification, including to discovery related to determining class certification. While in certain cases there may be a reason to bifurcate the discovery (that is, conduct the class discovery then general discovery), there also may be many reasons not to. The order doesn't directly require bifurcation. If there is a compelling reason to require that, as Defendant appears to want it, Defendant should file a motion making such a request, if necessary.