**MARY BETH HEINERT and RICHARD**
**H SCHULTZ, JR. , on behalf of**
**themselves and all others similarly**
**situated**

      **Plaintiffs,**

**v.**                                **Case No: 5:18-cv-324-Oc-PGBPRL**

**BANK OF AMERICA, N.A., PERRY**
**SANTILLO, CHRISTOPHER PARRIS,**
**PAUL ANTHONY LAROCCO, JOHN**
**PICCARRETO and THOMAS**
**BRENNER**

      **Defendants.**

## ORDER

In this case involving a Ponzi scheme allegedly perpetrated by the individual Defendants, the corporate Defendant, Bank of America, asks the Court to extend the previous stay of discovery that expired on October 31, 2018 pending a determination of its renewed motion to dismiss. (Doc. 51). Indeed, the Court had granted a limited stay of discovery based on the initial motion to dismiss and the arguments raised therein. (Doc. 44). Plaintiffs then filed an amended complaint, which Bank of America has now moved to dismiss based on many of the same arguments it previously raised. As such, it seeks to extend the stay of discovery, except as to initial disclosures or third-party discovery. Plaintiffs oppose the requested stay and contend that discovery should proceed in its entirety.

As a general matter, motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P. The Court has broad discretion to deny or limit discovery in order to protect a party

from undue burden or expense, and to promote a case's efficient resolution. *See* Fed. R. Civ. P. 26(c); *see, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Moore v. Potter*, 141 Fed. App'x 803, 807-08 (11th Cir. 2005) (relying on *Chudasama*); *McCabe v. Foley*, 23 F.R.D. 683; 685 (M.D. Fla. 2006). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Indeed, the Eleventh Circuit has recognized that "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama*, 123 F.3d at 1368.

While this is not the general rule or practice, it may be entirely appropriate for a Court to stay discovery where there is a dispositive motion pending because "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). To do so, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Glynn v. Basil Street Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) (citing *Feldman*, 176 F.R.D. at 653-53). Of course, "this involves weighing the likely costs and burdens of proceeding with discovery." *Glynn*, 2010 WL 2508605, at *1 (citing *McCabe*, 233 F.R.D. at 685).

Here, as before, and without prejudging the merits of the motion to dismiss, the Court acknowledges that it raises issues about the sufficiency of each of Plaintiffs' claims against Defendant Bank of America. Like the prior motion to dismiss, the renewed motion to dismiss would dispose of all claims against Defendant Bank of America. A complaint does require more than vague or conclusory allegations as to a defendant, and in the case of fraud, a heightened pleading standard controls.

Plaintiffs allege three claims against Defendant Bank of America: (1) Count I for aiding and abetting fraud; (2) Count II for aiding and abetting breach of fiduciary duty; and (3) Count II for civil conspiracy. A review of the amended complaint reveals that it is substantially similar to the original complaint, but contains a few additional allegations. First, that Bank of American investigated some of the accounts of the individual defendants, including questioning Defendant Santillo and Parris and about "the unusual nature of the account openings, the unusual quantity of account openings, and the atypical nature and amount of the transfers." (Doc. 45, ¶¶ 100-103). Second, Plaintiffs allege that a Bank of America employee, Derline Cunningham, accepted a personal loan from the individual defendants (in violation of Bank of America policy) and then followed them to another bank after Bank of America terminated its relationship with the individual Defendants. (Doc. 45, ¶¶ 105-112).

The thrust of Plaintiff's amended complaint (as with the original complaint) is that Defendant Bank of America had obligations to monitor and identify suspicious activity and that it ignored obviously suspicious conduct, and knowingly engaged in transactions that were directly related to the fraudulent scheme. (Doc. 45, ¶¶ 113-118). Plaintiff further alleges that "Bank of America had actual knowledge that the Individual Defendants were using Bank of America accounts to engage in illicit activity, and willingly assisted the fraud anyway." (Doc. 45, ¶ 119).

The facts offered in support of the allegation that Bank of America had actual knowledge include that the individual Defendants were in frequent contact with bank representatives regarding their over 100 accounts, that the businesses controlled by the Individual Defendants were involved with various investment opportunities, that Bank of America knew as a result of its investigation that funds were being comingled and misappropriated, and that Bank of America employee Derline Cunningham took financial compensation for her assistance with the scheme. (Doc. 45, ¶ 158).

To be sure, these allegations are beyond what was alleged in the original complaint. Nonetheless, the heightened pleading standard for fraud under Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." While the Court does not prejudge the merits of Defendant's motion to dismiss, it does observe that Defendant makes credible arguments in support of dismissal of each of the claims against it. For example, Defendant argues that Plaintiffs have failed to adequately allege actual knowledge or substantial assistance on behalf of Bank of America such that Plaintiffs' aiding and abetting claims should fail. Defendant also credibly argues that Bank of America did not enter into an agreement in furtherance of an underlying tort such that Plaintiffs' claims for conspiracy and civil conspiracy should fail. And it contends that while allegations have now been made as to an employee accepting a loan in violation of its policies, Plaintiffs fail to actually allege that the employee knew the individual Defendant's were engaged in a ponzi scheme, that she knowingly assisted their fraud, or that Bank of America engaged in an overt act in furtherance of the purported misconduct.

Perhaps one or more of Plaintiffs' claims will survive the Bank's motion to dismiss, but a plaintiff's efforts to impute liability on a bank for the misdeeds of account holders is not new and the case law established in this area reveals that Bank of America's motion is well supported.

While this assessment is based on a "peek" at the motion and response, as well as the amended complaint, when balancing the full scope of the discovery versus a pause for the Court to substantively consider the motion, a pause is warranted here.

Further, Defendant contends that this case involves unique circumstances. Individual Defendants Brenner, Santillo and Picaretto have all defaulted in this action, but all the individual Defendants (with the exception of Parris) have appeared in the SEC action related to this case, *SEC v. Santillo*, Case No. 1:18-cv-05491-JGK (S.D.N.Y.). Defendant contends that this action is essentially a copycat action of the SEC action and contains the added claims against Bank of America. Defendant Bank of America also contends that the interrogatories and requests for production sought by Plaintiffs are broad and burdensome, and that a continuation of the temporary stay will not prejudice Plaintiffs. Defendant points out that Plaintiffs have already conducted substantial investigation notwithstanding the stay, and that it agreed to exchange initial disclosures on October 31, 2018, and to limit its request to stay discovery from Bank of America and employees and former employees. Defendant contends that the third-party discovery will allow Plaintiffs to investigate their claims while not significantly burdening Bank of America.

Under the particular circumstances presented here, the interests of justice and efficiency weigh in favor of continuing the limited stay of discovery. Defendant Bank of America's motion for limited stay of discovery (Doc. 51) is **granted** to the extent that all discovery from Bank of America and its employees and former employees in this case shall be stayed until **February 15, 2018**.

The request for a status conference (Doc. 54) is **denied** as moot based on the continuation of the limited stay imposed here, which is what the status conference was requested to address.

**DONE** and **ORDERED** in Ocala, Florida on November 16, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties